IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UCHENNA OBIANYO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 09-3399 |
| BROWN'S SHOPRITE, INC.[1], et al. | : | |

**MEMORANDUM**

Ludwig, J. December 10, 2009

Plaintiff Uchenna Obianyo, pro se, filed this action against defendants Brown's ShopRite, Inc. and United Food and Commercial Workers Union, Local 1766. The complaint alleges that while plaintiff was employed at ShopRite as a part-time cashier, his employment was terminated without good cause and without the involvement of any union representative. Complaint, ¶¶ 2, 4, 8. Plaintiff subsequently had contacted defendant union in order to file a grievance, and the union refused to file a grievance on plaintiff's behalf. Complaint, ¶¶ 10, 11. The complaint alleges due process violations by both ShopRite and the union. Defendants moved separately to dismiss the claims against them. The motions will be granted.

According to the complaint, ShopRite terminated plaintiff because of a misunderstanding between plaintiff and a company trainer and for plaintiff's violation of company policy. Complaint, ¶¶ 4, 6. Plaintiff contends that this explanation is vague and

---

[1] The docket refers to "Brown's Shoprite, Inc." The defendant union refers to "Shop Rite." Exhibits to the motion filed by Brown's include a corporate logo, in which that defendant's name is styled "ShopRite."

does not constitute sufficient reason for his discharge. Complaint, ¶ 7. According to ShopRite, plaintiff, at the time of his termination, was a one-week cashier trainee whose employment was at-will. ShopRite motion, 6.[2] ShopRite appends to its motion documentation executed by plaintiff upon commencement of his training in which plaintiff acknowledged that his employment was at-will, and, further, that: "This document is not a contract of employment. I understand that my employment may be terminated by the company at anytime, with or without reason or cause." ShopRite motion, Exhibit "B". ShopRite argues that because plaintiff had no expectation of continued employment, his discharge cannot provide the basis for imposition of liability on ShopRite's. Plaintiff did not file a response to ShopRite's motion, and the motion will be granted.

With respect to the union, plaintiff contends that it denied him his right to fair representation by refusing to file a grievance on his behalf following his discharge. Complaint, ¶¶ 10, 11. The union acknowledges that it is party to a collective bargaining agreement with ShopRite, and that the agreement sets forth a grievance-arbitration procedure. However, Article 11 of the agreement reserves the right to appeal a discharge to those employees in continuous service with ShopRite for sixty (60) or more days. Agreement, Union motion, Exhibit 2, p. 11. Additionally, Article 17 of the agreement provides that the

---

[2] The complaint alleges that plaintiff was hired on June 23, 2009 and commenced work on June 30, 2009 after a one-week training period. Complaint, ¶¶ 2, 3. It further alleges that plaintiff was terminated on August 1, 2009. Id., ¶ 4. This statement is at odds with a later allegation that plaintiff contacted the union to file a grievance on July 17, id., ¶ 9, and the fact that plaintiff's complaint was filed on July 28, 2009. It appears, therefore, that plaintiff was terminated on July 1, 2009, not August 1, 2009, as alleged.

"first sixty (60) days of employment shall be considered a probation period. The Employer may discipline or terminate any employee for any reason whatsoever within the first sixty (60) days." Exhibit 2, p.24.

In order to state a claim against the union, plaintiff's complaint must allege that the union's decision not to file a grievance on his behalf was "arbitrary, discriminatory, or in bad faith." Raczkowski v. Empire Kosher Poultry, Inc., 2005 WL 1273591 (W.D. Pa., filed May 27, 2005). However, "[t]he mere refusal of a union to take a complaint to arbitration does not establish a breach of the union's duty of fair representation." Findley v. Jones Motor Freight, 639 F.2d 953, 958 (3d Cir. 1981). The union has an obligation "not to assert or press grievances which it believes in good faith do not warrant such action." Bazarte v. United Transp. Union, 429 F.2d 868, 872 (3d Cir. 1970).

Here, under the terms of the collective bargaining agreement, ShopRite retained the right to discharge plaintiff for any reason during his initial sixty (60) day probationary period, without extending to plaintiff the right to appeal. Plaintiff was discharged well before the expiration of this period. Accordingly, neither plaintiff nor the union had the right to file a grievance based upon plaintiff's discharge, and the union's refusal to file a grievance for plaintiff cannot provide a basis for relief. The union's motion to dismiss will also be granted.

The complaint further alleges a violation of plaintiff's Fifth Amendment rights. However, "the limitations of the Fifth Amendment . . . restrict the actions of the federal government, not the action of private entities." Brown v. Philip Morris, Inc., 1999 WL

783712, at *11 (E.D. Pa., filed Sept. 22, 1999) (citations omitted). The complaint does not allege that either defendant is a state actor subject to the constraints of the Fifth Amendment - and it therefore does not state a claim against either defendant.

Accordingly, plaintiff's complaint will be dismissed with prejudice.

BY THE COURT:


 /s/ Edmund V. Ludwig 
Edmund V. Ludwig, J.